## DOUGLAS v. SMITH.

### In re HILL et al.

(Supreme Court, General Term, First Department. January 13, 1893.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—ACCOUNTING BY ASSIGNEE—PARTIES.
Where an action is brought by creditors to compel an assignee for their benefit to account, and a referee is appointed to take the account, and ascertain amounts owing to all the creditors, a motion by other creditors that they be brought in as plaintiffs in the action will not be granted, as under the order they have a right to appear before the referee, prove their claims, and protect their rights as fully as though parties.

Appeal from special term, New York county.

Action by Mary S. Douglas against Frederick H. Smith, assignee, for an accounting. George W. Hill and Hotchkiss & Co. move to be joined as parties plaintiff. From that portion of an order granting the motion, defendant appeals. Reversed.

On February 26, 1889, Benjamin Harris made a general assignment for the benefit of creditors to Frederick H. Smith, who accepted the trust. On the 27th of February, 1890, this action was begun, to establish as a claim against

the estate a debt alleged to have been contracted by the assignor. It is alleged in the complaint that the assignee has in his hands money and property belonging to the assigned estate, which he neglects to distribute among the creditors, and that he has rendered no account as assignee. It is also alleged that the creditors are numerous, some unknown, and that it is impracticable for the plaintiff to bring them all before the court in this action, and for these reasons she sues for the benefit of all. A judgment is demanded that the assignee account and pay the claim of the plaintiff, and also the claims of the other creditors. The defendant answered that he had no knowledge or information sufficient to form a belief as to whether his assignor ever contracted the debt described in the complaint; that he tendered with his answer his account, and prayed "judgment that the complaint be dismissed, unless plaintiff should establish by due proof the claim alleged in the complaint, and, if the claim is so established, that then a final accounting may be had herein, and that an order may be made bringing in all the creditors of the said Benjamin M. Harris; that the accounts of the defendant, as assignee, be passed, and he be discharged from the trust; and that the defendant have such further or other relief as may be just, with the costs of this action." January 2, 1891, an order was entered in the action, appointing a referee to take and state the accounts of the assignee. Hearings were had, and the referee made his report, which was not filed or delivered within 60 days, as prescribed by section 1019 of the Code. Thereupon the attorney for the defendant notified the attorneys for the plaintiff that he elected to end the reference, in which he was sustained. Douglass v. Smith, (Sup.) 19 N. Y. Supp. 630. Afterwards, George W. Hill and Hotchkiss & Co., a firm, the partners of which are not stated, moved that they be joined as parties plaintiff in the action, and for the reappointment of the referee, and for such other and further relief as to the court should seem just. This motion was contested by the assignee, but not by the plaintiff. On this motion an order was entered, by which it was referred to a referee to take and state the account of the assignee. It was further ordered that the referee ascertain the amounts due to all of the creditors, and for that purpose he was directed to publish the usual notice to creditors to come in and prove their demands. The order contained the following provisions: "Ordered, that the motion to join said Hotchkiss & Co. and George W. Hill as parties plaintiff herein be, and the same is, granted, and they shall hereafter have the same rights, and be entitled to the same notice, as if they were named as parties plaintiff in the title of this action. * * * That the fees and expenses of the said referee be charged upon and paid out of the funds in the hands of Fred H. Smith as such assignee, unless otherwise so directed by the court or said referee." The defendant appeals from the two provisions of the order above quoted, but from no other part of it.

For former report, see 19 N. Y. Supp. 630.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

J. A. Shoudy, for appellant.

Rollin H. Lynde, for respondents.

FOLLETT, J. Bierman v. Hake, 42 Hun, 542, was brought by creditors to compel an assignee for their benefit to account. After issue joined, a referee was appointed to take and state the account of the assignee, and ascertain amounts owing to all of the creditors of the assignor. Subsequently certain creditors moved that they be made parties plaintiff to the action, but their motion was denied, on the ground that their presence as plaintiffs was unnecessary, because they had the right to appear before the referee, prove their claims, and protect their rights, as fully as though they were parties to the action. But it is said, as a reason for the present motion, that the plaintiff has become unwilling to compel the accounting to proceed. The answer to this is that any of the creditors who have appeared or may appear and become parties to the accounting have the same right to prosecute it and bring

it to a close as have the parties to the action. It is also said in behalf of the moving creditors that they have reason to fear that the plaintiff will settle and discontinue the action, and so put an end to the accounting. This fear, we think, is groundless, for it may be the court would find a valid reason for refusing to permit an order of discontinuance to be entered in such an action, especially where all parties to it ask in their pleadings for a full accounting for the benefit of all the creditors. Should the parties to the action assume to settle it, and enter an order without leave of the court, and without giving all the creditors who had appeared on the accounting an opportunity to be heard, it would undoubtedly be vacated. The order in this case seems to be defective, in failing to provide that the new parties be brought into the action by an appropriate amendment to the complaint. The moving creditors do not ask to come in as plaintiffs, and be represented by the attorney for the present plaintiff, but apparently wish to have their interests prosecuted by their own attorney. We know of no precedent for bringing into an action several plaintiffs with the right to appear by separate attorneys. We think that the part of the order directing that these creditors be brought in as plaintiffs cannot be sustained. But we see no objection to the other provision from which an appeal is taken. The right of the court to finally charge the costs upon those who ought to pay them is not interfered with, and the provision was simply intended to secure, in any event, the payment of the fees and disbursements of the referee. That part of the order directing that the respondents be brought into the action as parties plaintiff is reversed, and that part of the motion denied; but in all other respects the order is affirmed, without costs to either party.

VAN BRUNT, P. J., (concurring.) Parties presenting claims before a reference on assignee's accounting become parties to the proceedings, and no action can legally be taken without notice to them, and they have the same rights to compel progress as though originally parties. I therefore concur.

O'BRIEN, J., concurs.